**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 24 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAMAR HERRON, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1201-CR-58 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-0711-FA-39

**October 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Lamar Herron, Jr. appeals his sentence following his conviction for dealing in cocaine, as a Class B felony, after he pleaded guilty. Herron raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In October of 2007, Officer Walters of the Tippecanoe County Police Department learned from an informant the phone number of a crack cocaine dealer. Officer Walters called the number and arranged to buy $100 of cocaine. Upon his arrival, with other officers, at the location agreed upon with the dealer, Walters arrested Herron.

On November 1, the State charged Herron with dealing in cocaine, as a Class A felony, and dealing in cocaine, as a Class B felony. Thereafter, Herron received two psychological evaluations and was diagnosed with schizophrenia. Based on those evaluations, on April 30, 2008, the State entered into an agreed order with Herron's counsel that he was currently incompetent to stand trial. The parties further agreed that Herron would be reevaluated by the Logansport State Hospital within ninety days of the agreed order and that a final determination of his competency would be based on the reevaluation. On August 27, doctors reevaluated Herron's mental condition and diagnosed him with "History of Substance-Induced Psychotic Disorder" and "Personality Disorder Not Otherwise Specified (NOS) with Antisocial, Narcisstic, and Histrinoic Features." Appellant's App. at 68. The doctors concluded that he had "attained the

ability to understand the proceedings and assist in the preparation of his defense." Id. at 67.

On November 25, 2008, Herron entered into a plea agreement with the State. According to the terms of the agreement, Herron would plead guilty to the Class B felony charge and the State would dismiss the Class A felony charge. Sentencing was left open to the trial court's discretion. After a hearing, the trial court accepted the plea agreement and, on January 8, 2009, the court sentenced Herron to sixteen years, with twelve years executed and four years suspended to probation, which is six years above the advisory term for a Class B felony but four years below the maximum. See Ind. Code § 35-50-2-5. This appeal ensued.

## DISCUSSION AND DECISION

Herron argues that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and her character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).

3

However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Herron first asserts that his sentence is inappropriate in light of the nature of the offense. In particular, Herron notes that "this drug sale is a fairly typical instance of Dealing in Cocaine. . . . There is nothing about this offense that requires an enhanced sentence." Appellant's Br. at 10. But Herron apparently had a history of dealing cocaine. An informant had called Officer Walters and told him that Herron was a dealer, Officer Walters then promptly called Herron to set up a drug buy, and Herron was immediately available with the amount of cocaine requested. And the State dismissed its Class A felony charge in exchange for Herron's guilty plea. Had Herron been convicted of the Class A felony, he would have been subjected to a greater sentence than the one he received. We are not persuaded that the nature of this offense merits revision of Herron's sentence.

Herron also contends that revision of his sentence is inappropriate in light of his character. Specifically, Herron downplays his extensive criminal history as old and unrelated to the current offense. And Herron emphasizes his history of mental illness in light of his recent diagnosis of schizophrenia.

We are again not persuaded. Herron's criminal history includes nine felony convictions, including three counts of aggravated battery. He has an additional ten misdemeanor convictions. His most recent conviction was in August of 2007. He was on probation when he committed the instant offense, and he exhibited poor behavior while incarcerated in the Tippecanoe County Jail after he was returned there by the Logansport State Hospital. And the evidence of his mental health is at best equivocal.[1] We cannot say that Herron's sentence is inappropriate in light of his character.

Affirmed.

KIRSCH, J., and MAY, J., concur.

---

[1] Insofar as Herron's argument on this issue is that the trial court abused its discretion because it did not assign the proper mitigating weight to his mental illness, we note that that argument is not available for appellate review. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007).